DelVecchio, J.
This case arises from an underlying medical malpractice action. Anastasia Jariy, by her mother Charlene Biyant (“plaintiff’), filed this action against the Medical Malpractice Professional Insurance Association (“MMPIA” or “defendant”) alleging, inter alia, bad faith settlement practices and breach of contract. Defendant filed (1) a request for rulings of law as to the applicability of General Laws, chapter 231, §85K and chapter 258 and (2) a motion for summary judgment. Plaintiff filed oppositions to both. After hearing counsel for the parties and based on the parties’ written submissions, this Court holds that c. 231, §85K and c. 258 are not applicable to this defendant and defendant’s motion for summary judgment is DENIED.
BACKGROUND
In May, 1989, plaintiff filed a medical malpractice action against Bay State Medical Center and Doctors Lee, Kessler, Corsaro, Seiler, and LaFleur in connection with treatment plaintiff received in March 1983. All doctors were insured by MMPIA. MMPIA retained defense counsel for each of its insureds. In November, 1991, plaintiff, through counsel, demanded $500,000 to settle the claims. MMPIA rejected that demand.
In March, 1992, the medical malpractice case was tried to conclusion. A jury verdict was rendered against LaFleur for approximately $3,313,000 for Anastasia and $500,000 for loss of consortium to her mother. There was a defendant’s verdict for the rest of the doctors. The MMPIA paid plaintiff the policy limit of $1,000,000 but would not pay the rest of the verdict.
Subsequently, LaFleur and the plaintiff executed a release for the rest of the jury verdict. In turn LaFleur assigned to plaintiff all of his rights under his MMPIA policy. Plaintiff then filed this suit against MMPIA alleging the following: Count I: Negligence; Count II: Breach of Contract; Count IV: Declaratory Judgment; CountV: Reach and Apply.[2] Now before this Court are (1) defendant’s request for rulings of law as to the applicability of c. 231, §85K and c. 258 and (2) defendant’s motion for summary judgment.
DISCUSSION
A. Charitable Immunity
Defendant claims that it is a non-profit charity and thus is entitled to a limitation of its liability to $20,000 as provided in G.L.c. 231, §85K. Plaintiff responds that defendant is not a charity within the meaning of the statute and thus is not entitled to limited liability.
General Laws, chapter 231, §85K states in relevant part:
it shall not constitute a defense to any cause of action based on tort brought against a corporation, trustees of a trust, or members of an association that said corporation, trust, or association is or at the time the cause of action arose was a charity; provided, that if the tort was committed in the course of any activity carried on to accomplish directly the charitable purposes of such corporation, trust, or association, liability in any such cause of action shall not exceed the sum of twenty thousand dollars exclusive of interest and costs.
In order to qualify for this limitation, MMPIA must establish that it is a charity within the meaning of the statute. This Court finds that the MMPIA is not a charity within the meaning of the statute.
In Massachusetts Medical Society v. Assessors of Boston, 340 Mass. 327 (1960), the Court held that an institution will not be classified as a charity if the “dominant purpose of its work is to benefit its members or a limited class of persons . . . even though the public will derive an incidental benefit from such work.” Id. at 332. The dominant purpose of the MMPIA’s work clearly benefits its insureds, the doctors. While the public does derive some benefit from its work, a limited class of persons, namely the doctors, are the true beneficiaries.
Defendant cites Poznik v. Massachusetts Medical Professional Insurance Association, 417 Mass. 48 (1994), in support of its position. This Court finds Poznik unpersuasive on this issue. In Poznik, the Court determined that the MMPIA was not engaged in the “business of insurance” such that it could be held liable under statutes regulating trade practices in the insurance industry. Id. at 51. The Court also held that the MMPIA is not engaged in “trade or commerce” such that it could be held liable under c. 93A. Id. at 53. However, these rulings do not amount to a finding that the MMPIA is a charity. It would be a leap in logic to assume that since the MMPIA is not engaged in trade or commerce for purposes of c. 93A or engaged in the business of insurance, it is therefore a charity. This Court finds that the MMPIA benefits a limited number of persons and as such does not qualify as a charity within the meaning of c. 231, §85K.
B. Massachusetts Torts Claims Act
Defendant asserts that it is entitled to limited liability under c. 258, the Massachusetts Torts Claims Act (“MTCA”), because it is a public employer within the meaning of that statute. Plaintiff responds that the MMPIA is an independent body politic and thus is specifically excluded from the protections of c. 258. This Court agrees with plaintiff.
General Laws c. 258, §2 states in relevant part:
public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public *345 employee while acting within the scope of his office or employment... except that public employers . . . shall not be liable ... for any amount in excess of one hundred thousand dollars.
Public employers are defined in c. 258, §1 as:
the commonwealth and any county, city, town, educational collaborative or district, including any public health district . . . and any department, office, commission, committee, council, board, division, bureau, institution, agency, or authority thereof. .. but not. . . any other independent body politic or corporate.
In Kargman v. Boston Water and Sewer Commission, 18 Mass.App.Ct. 51 (1984), the Court discussed two important factors to examine when determining if an entity is an “independent body politic” for purposes of c. 258. First, it must be determined if the enabling act of the entiiy establishes it as financially independent from the Commonwealth. Id. at 56. The MMPIA’s enabling act requires it to recoup any deficits by assessing a rate increase upon the policyholders. Moreover, the Court in Poznik stated that the Legislature has “mandated that the MMPIA operate on a self-sustaining basis.” Poznik, supra, at 53. Thus, it is clear that the MMPIA is financially independent from the Commonwealth.
The second factor is whether, under the enabling act, the entiiy affords considerable political independence to its governing body. Id. at 57. The enabling act provides that the association is to be governed by its own board of directors with eight of its eleven members elected by the other members of its association. Thus, the MMPIA operates independently of the Commonwealth of Massachusetts and is not a public employer entitled to the protections of c. 258.
C. Summary Judgment
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving parly is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
Defendant argues that plaintiff cannot bring both a tort and contract cause of action against the MMPIA because the good faith standard to which the MMPIA is held in a negligent claim settling action is the same as that in a cause of action based on a breach of the covenant of good faith and fair dealing. Plaintiff responds that both causes of action are viable because bad faith motive in a breach of the covenant of good faith and fair dealing action is different from bad faith in a negligence claim. This Court agrees with plaintiff.
Defendant cites Harford Casualty Insurance Co. v. The New Hampshire Insurance Co., 417 Mass. 115 (1994), in support of its position. Defendant’s reliance on this case is misplaced. In Harford, the Court held that the “negligence standard by which the actions of an insurer concerning settlement will be tested hereafter will be . . . whether no reasonable insurer would have failed to settle the case within the policy limits.” Harford, supra, at 121. The Court noted that this newly adopted test would not be “significantly different from the good faith test that has been evolving in this Commonwealth.” Id. Defendant argues that its actions as to the negligence count will be judged by a good faith standard that is no different from the good faith standard applied for a breach of the covenant of good faith and fair dealing. Therefore, plaintiff is not entitled to proceed on both causes of action.
However, nowhere in the Harford decision does the Court state that a plaintiff cannot bring both tort and breach of contract causes of action. In fact, the Court in Hartford specifically stated
[i]t is conceivable that, on an objective standard of reasonableness, an insurer would have been warranted in not settling a case, but that the insurer’s decision was in fact motivated by subjective bad faith. In such a case, a charge on negligence would not obviate the need for a subjective bad faith jury instruction. Id. at 123.
This language indicates a more expansive view of this issue than defendant has proposed. Thus, this Court holds that plaintiff is entitled to go forward on both causes of action.[3]
ORDER
Based on the foregoing, this Court holds that General Laws, chapter 231, §85K and chapter 258 are not applicable to defendant and that defendant’s motion for summary judgment is DENIED.

Count III was voluntarily dismissed.

Defendant argues that it should be granted summary judgment on the other two counts. This Court finds that Dr. LaFleur validly assigned his rights and thus Counts IV and V will also be permitted to go forward.